J-S06004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEPHEN A. REMENTER | : | |
| Appellant | : | No. 2848 EDA 2017 |

Appeal from the PCRA Order August 8, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000028-2012

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 08, 2018**

Stephen A. Rementer appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

When he was twenty-three years old, Appellant developed an obsession with an eight-year-old girl he met at karate class. He became her karate instructor, and used his position to begin grooming her. During a four-month period at the end of 2011, Appellant had sex with the then-eleven-year-old girl at least six times at her home while her parents were at work. After her mother came home to find Appellant having intercourse with the victim, Appellant was arrested and ultimately pled guilty to raping a child less than thirteen years old.

Appellant was sentenced to twenty to forty years imprisonment on November 20, 2012. This Court affirmed Appellant's judgment of sentence

on September 20, 2013, and Appellant did not seek review by our Supreme Court. *Commonwealth v. Rementer*, 87 A.3d 388 (Pa.Super. 2013) (unpublished memorandum).

On December 29, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, noted the apparent untimeliness of the petition, instructed counsel to file an amended petition, and scheduled a hearing to address the timeliness issue. Following the amendment of the petition, a response by the Commonwealth, and a hearing, the PCRA court denied Appellant's petition as untimely-filed by order of August 8, 2017. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents this Court with questions addressing both the timeliness and substantive merits of his PCRA petition.[1] We begin with the former, as the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal quotation marks omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

---

[1] Appellant's substantive claims allege ineffectiveness of plea counsel and a defect in the guilty plea colloquy. Appellant's brief at 4.

- 2 -

of sentence is final unless the petition alleges, and the petitioner proves, that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). To invoke an exception, the petitioner must further plead and offer to prove that the claim was raised within sixty days of the date on which it first became available. 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final in 2013 when he did not file a petition for allowance of appeal in our Supreme Court. 42 Pa.C.S. § 9545(b)(3). Appellant's PCRA petition filed in 2016, therefore, is facially untimely. In his amended petition, Appellant invoked the governmental interference exception of subsection (b)(1)(i) with the following allegations:

> a. the public defender and assistant district attorney entered into a written plea agreement which was binding and neither lawyer informed the [c]ourt of the same at sentencing or post[-]sentencing;
>
> b. [Appellant] was not provided a copy of the written plea agreement at any time by either the public defender or any government official;

     c.      government officials including the public defender precluded [Appellant's] access to information necessary for a timely appeal by failing to serve [Appellant] with a copy of the appellate briefs, the decision of the Superior Court of Pennsylvania issued on September 20, 2013; and

     d.      government officials including the public defender and the assistant district attorney further interfered with [Appellant's] ability to present his claims by failing to advise the [c]ourt at any time of [Appellant's] hearing deficits which, coupled with the ineffective assistance of counsel, precluded [Appellant] from being apprised of his appellate rights and responsibilities or of the incomplete nature of the issues appealed.

Amended PCRA Petition, 3/6/17, at 2-3.

As the PCRA court aptly noted, the PCRA expressly excludes defense counsel from the definition of "government officials," and that Appellant failed to identify any other government official. PCRA Court Opinion, 10/24/17, at 4 (citing 42 Pa.C.S. § 9545(b)(4)). Moreover, Appellant failed to explain why these interference claims only became available within sixty days of his filing the petition, as is required by 42 Pa.C.S. § 9545(b)(2).[2] Hence, we agree that Appellant has not properly invoked the governmental-interference exception.

_____

[2] For example, Appellant obviously has been aware of his hearing difficulties, as he wore hearing aids at least as far back as the preliminary hearing in this case. Appellant's brief at 10. Yet, the record reflects that he was able to answer questions during the guilty plea colloquy and at his sentencing hearing, including answering "yes" to questions such as "did you hear what [your counsel] just told me?" and "Did you hear what she said you did?" N.T. Guilty Plea, 9/5/12, at 10.

The PCRA court opined that what Appellant was "in reality alleging [was] that prior counsel was ineffective in failing to advise him that the Superior Court had affirmed the judgment of sentence." PCRA Court Opinion, 10/24/17, at 4. Validating the PCRA court's supposition, Appellant on appeal attempts to invoke the subsection (b)(1)(ii) exception, claiming that his PCRA claims are based upon newly-discovered facts. Appellant's brief at 4. This Appellant cannot do, as "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super. 2007).

Even if Appellant had properly and timely invoked this exception by alleging it in his petition, he fails on appeal to explain how he exercised due diligence in discovering any new facts relevant to the claims he wishes to raise. "Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Robinson,** --- A.3d ---, 2018 PA Super 109 *6 (Pa.Super. May 2, 2018) (*en banc*) (quoting **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015)).

Indeed, in his brief Appellant either fails to indicate when or upon what efforts he discovered the facts that underlie his claims,[3] or bases them upon

---

[3] **See** Appellant's brief at 11-12 (averring that Appellant "was never provided a copy of the written plea agreement," that he "never received any further legal mail" after receiving a packet "several months after" he arrived at the SCI indicating his appeal had been filed, and that he filed the instant
*(Footnote Continued Next Page)*

facts of which he clearly has been aware since they happened.[4]   From the record before us, we cannot conclude that the newly-discovered facts exception confers jurisdiction upon any court to decide the substance of his PCRA claims.  **Compare Robinson**, **supra** (holding petitioner failed to show that he acted with due diligence in discovering fact that his plea counsel was subject to federal prosecution for drug use when he "always 'knew' that his counsel supplied ineffective advice"), **with Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007) (concluding hearing was warranted upon petitioner's allegations that counsel abandoned him and that he filed his petition within sixty days of learning that his appeal had been dismissed for failure to file a brief, where he detailed the efforts he had taken to learn the status of his appeal).

Finally, Appellant contends that he cannot be denied a remedy under the PCRA given his lack of "knowledge of his appellate rights or of the disposition of his direct appeal due to his hearing impairment and the failure of the court, its administrators or prosecuting attorney to communicate accurate notice of those rights, deadlines or dispositions."  Appellant's brief at 5.  However, it has long been settled that there are no "*ad hoc* equitable

_(Footnote Continued)_  ───────────────────

petition "shortly after being informed by another inmate" of this Court's decision on his direct appeal).

[4] **See** Appellant's brief at 10-11 (indicating the courtroom was noisy and chaotic and he had trouble hearing because one of his hearing aids was damaged).

exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (internal quotation marks omitted).

Appellant's PCRA petition was filed more than one year after his judgment of sentence became final, and he has failed to establish the applicability of a statutory timeliness exception. Accordingly, the PCRA court properly denied the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18